# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **D.H. and H.H.**

**No. 18-0829** (Raleigh County 16-JA-156-B and 16-JA-157-B)

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Grandfather E.H., by counsel Thad A. Bowyer, appeals the Circuit Court of Raleigh County's August 30, 2018, order terminating his custodial rights to D.H. and H.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Shannon L. Baldwin, filed a response on behalf of the children also in support of the circuit court's order. The mother, K.C., by counsel Mary Beth Chapman, filed a response in support of the circuit court's order. Finally, the father, J.H., by counsel, Reginald D. Henry, filed a response taking no position. On appeal, petitioner argues that the circuit court erred in proceeding to disposition without proper notice, denying him an improvement period, and terminating his custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred in failing to provide petitioner notice of a dispositional hearing. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

This matter previously came before this Court when the guardian appealed the circuit court's December 13, 2017, order declining to adjudicate petitioner as an abusing guardian. *See In re D.H.-1 and H.H.*, No. 18-0032, 2018 WL 2945426, at *1 (W.Va. Jun. 11, 2018) (memorandum decision). Upon our review, we found sufficient evidence existed to adjudicate petitioner and we remanded the matter with instructions to

> enter an order adjudicating D.H.[] and H.H. as abused children and the respondent grandparents as abusing guardians, to forthwith hold a dispositional hearing in compliance with Chapter 49 of the West Virginia Code and the West Virginia

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

Rules of Procedure for Child Abuse and Neglect Proceedings, and for further proceedings consistent with this memorandum decision.

Id. at *6.

Subsequently, the circuit court noticed a hearing to be held on August 28, 2018, wherein it would "take up the issues set forth in the Memorandum Order of the Supreme Court of Appeals . . . in Docket No. 18-0032." At the hearing, the circuit court adjudicated petitioner as having abused and/or neglected the children. The circuit court then denied petitioner's motion for an improvement period and immediately proceeded to terminate his custodial rights. It is from the August 30, 2018, dispositional order that petitioner appeals.

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in proceeding to disposition without properly providing him notice of the same. We agree.[2]

When this Court previously remanded this matter, we instructed the circuit court to enter an order adjudicating petitioner as an abusing guardian and to "hold a dispositional hearing *in compliance with Chapter 49 of the West Virginia Code and the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings*, and for further proceedings consistent with this memorandum decision." (Emphasis added). Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth that "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and

---

[2]Petitioner also argues that the circuit court erred in terminating his custodial rights. Because we find that the circuit court erred in proceeding to an accelerated disposition and are vacating the order terminating petitioner's custodial rights for that reason, we decline to address this assignment of error.

the right to be heard." Here, the circuit court noticed the hearing as a hearing wherein it would "take up the issues" set forth in the Memorandum Decision. Our instructions primarily regarded entering an order adjudicating petitioner as an abusing guardian and then proceeding with disposition in compliance with the laws of this State. As such, we find that the language of the notice provided by the circuit court was insufficient to alert petitioner that disposition of his custodial rights would occur at that hearing.

Further, although the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings do provide that a circuit court may proceed to disposition immediately following adjudication, there are certain requirements that must be met. Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth as follows:

> The disposition hearing immediately may follow the adjudication hearing if:
>
> (1) All the parties agree;
>
> (2) A child's case plan meeting the requirements of W. Va. Code §§ 49-4-408 and 49-4-604 was completed and provided to the court or the party or the parties have waived the requirement that the child's case plan be submitted prior to disposition; and
>
> (3) Notice of the disposition hearing was provided to or waived by all parties as required by these Rules.

> We have previously held that
>
>> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Here, the record demonstrates that the circuit court proceeded to disposition and failed to determine whether the parties were in agreement in proceeding to do so or whether notice was waived. By proceeding immediately to disposition in the case, the circuit court ignored Rules 31 and 32, as set forth above. We have previously held that notice of the dispositional hearing is mandatory and that an accelerated dispositional hearing may be held only when the conditions of Rule 32 are met. *See In re Travis W.*, 206 W.Va. 478, 483, 525 S.E.2d 669, 674 (1999) (holding that a circuit court's failure to comply with Rules 31 and 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings was a substantial disregard of process and required remand.) Accordingly, we find that because the circuit court substantially disregarded the process established by the rules, the resulting dispositional order must be vacated, and the case must be remanded for compliance with that process.

Petitioner also argues that the circuit court erred in denying his motion for an improvement period. Due to our decision to vacate the circuit court's final order, we decline to address this assignment of error at this time. However, we alert the circuit court that it provides no findings of fact or conclusions of law in its order to aid this Court in reviewing the denial of petitioner's request for an improvement period. Accordingly, upon remand, should the circuit court again deny petitioner's motion for an improvement period, we order the circuit court to make appropriate findings of fact regarding the denial.

For the foregoing reasons, we vacate the disposition portion of the circuit court's August 30, 2018, order and remand this matter to the circuit court for the holding of a properly noticed dispositional hearing, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**:  February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison